UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER BUTLER, : | |
|    Plaintiff : | |
| : | Case No. 3:10-cv-1367 (VLB) |
| v. : | |
| : | December 9, 2011 |
| ALVES, : | |
|    Defendant : | |

**RULING DISMISSING WITHOUT PREJUDICE AMENDED
PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Christopher Butler, an inmate confined at the Cheshire Correctional Institution in Cheshire, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). He challenges his conviction for possession of cocaine with intent to sell by a non-drug-dependent person. In response to the respondent's memorandum in opposition to the petition, the petitioner filed an amended petition. For the reasons that follow, the amended petition should be dismissed without prejudice.

I.    <u>Standard of Review</u>

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of

1

his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

II.     Procedural Background

The petitioner was found guilty, following a jury trial in the Connecticut Superior Court for the Judicial District of New Haven, of possession of narcotics with intent to sell by a person who is not drug-dependent. He was sentenced to a term of imprisonment of fourteen years followed by three years of special parole. *See* Resp't's Mem. App. B, Record on Direct Appeal, at 20.

On direct appeal, the petitioner challenged his conviction on two grounds. First, he argues that the warrantless search of his vehicle while he and the other occupants of the vehicle were handcuffed and removed from the area violated his Fourth Amendment rights. Second, he claims that there was insufficient evidence to show that he was in possession of the seized drugs. The Connecticut Supreme Court rejected both claims and affirmed the conviction. *See State v. Butler*, 296 Conn. 62, 64-65, 933 A.2d 970, 973 (2010). A search on the Connecticut Judicial Branch reveals that the petitioner has not filed a state habeas corpus action.

IV.     Discussion

This is a mixed petition containing two exhausted claims and one unexhausted claim. Traditionally, a mixed petition is dismissed without prejudice to refiling another federal habeas corpus action after all claims have been exhausted. *See Slack v. McDaniel*, 429 U.S. 473, 486 (2000). In light of the one-

year limitations period for filing a federal habeas action, the Second Circuit has directed the district court not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court. See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court); see also Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (noting that a stay of federal proceedings to enable the petitioner to return to state court to exhaust his state remedies with regard to some claims should be utilized only in limited circumstances, where the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition and the petitioner may be time-barred if the case were dismissed).

The Connecticut Supreme Court affirmed the petitioner's conviction on May 4, 2010. The petitioner's conviction became final, and the limitations period commenced, on August 2, 2010, at the expiration of the ninety-day period within which the petitioner could have filed a petition for certiorari at the United States Supreme Court. See Williams v. Artuz, 237 F.3d 147. 151 (2d Cir.)(the limitations period specified in 28 U.S.C. § 2244(d)(1)(A) commences at the completion of certiorari proceedings in the United States Supreme Court or at the conclusion of the time within which a petition for certiorari could have been filed), cert. denied, 534 U.S. 924 (2001). The limitations period will not expire until August 2, 2011.

Thus, the petitioner has nearly two months to file a motion for leave to file a late appeal or a petition for writ of habeas corpus in state court. Because the limitations period has not expired, the court need not stay this action or dismiss with leave to reopen to ensure that the petitioner can assert his claims in federal court.

In his original petition, the petitioner challenged his conviction on the same two grounds he raised on direct appeal. In response, the respondent filed a memorandum in opposition to the petition arguing that the petition should be denied. On May 6, 2011, the petitioner replied with an amended petition accompanied by many exhibits. Included within the exhibits is a twenty-eight page document erroneously captioned "Respondents Memorandum in Opposition to Petition for Writ of Habeas Corpus." Actually, this document is the petitioner's reply brief. The last eight pages are captioned "Federal Petition for Writ of Habeas Corpus" and assert a third ground for relief.

In this new ground for relief, the petitioner challenges the denial of his motion for acquittal on the charge of possession with intent to sell on the ground that the state failed to prove this charge beyond a reasonable doubt. The petitioner first repeats part of his second ground for relief, challenging the failure of the jury to credit the testimony of the petitioner's friend who claimed ownership of the drugs. Then he argues that the trial court acted improperly by allowing a police detective to testify as an expert witness. One of the exhibits attached to the amended petition is the portion of the trial transcript containing

defense counsel's challenge to this testimony. The petitioner did not raise this argument on direct appeal.

The petitioner is required to use all available means to secure appellate review of his claims before bringing those claims to federal court. *See Galdamez v. Keane*, 394 F.3d 68, 73-74. The United States Supreme Court has held that exhaustion may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). Here, the petitioner may file a petition for writ of habeas corpus in state court alleging that counsel was ineffective in failing to raise this claim on direct appeal. Thus, the petitioner has at least one available avenue to raise his claim in state court.

IV. <u>Conclusion</u>

The amended petition for writ of habeas corpus [Doc. No. 16] is DISMISSED without prejudice. The petitioner may file another federal habeas action after he exhausts his state court remedies on his third ground for relief.

Because reasonable jurists would not find it debatable that the petitioner failed to exhaust his state court remedies, a certificate of appealability will not issue. *See Slack*, 529 U.S. at 484 (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's

5

ruling).

The Clerk is directed to enter judgment in favor of the respondent and close this case.

It is SO ORDERED.

/s/
**Vanessa L. Bryant
United States District Judge**

Dated at Hartford, Connecticut, December 9, 2011.